UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  6:11-cr-00049-MJS |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STATEMENT OF DECISION |
| v. | |
| SEAN HARRINGTON, | |
| Defendant. | |
| _____/ | |

**I.    PROCEDURAL HISTORY**

This case came on for trial before the undersigned on September 9, 2011. Attorney Brian Mullins, Federal Defender, appeared on behalf of the Defendant, Sean Harrington, who also was present. United States Government Acting Legal Officers Rachel Cartier and Thomas Kunder appeared on behalf of the government. Local Rule 180(b)(4)(A).

The matter proceeded to trial on a single count, Count 2, of the June 13, 2011, Criminal Complaint, alleging that on or about June 10, 2011, in Yosemite National Park, Defendant violated 36 C.F.R. § 4.23(c)(2) by refusing to submit to a blood test for the purpose of determining blood alcohol and drug content. Defendant pled guilty to Counts 3, 4, and 5 of the Criminal Complaint and was found guilty thereunder of violating 36 C.F.R. § 4.14 (having an open container of alcohol in his vehicle), § 2.35(b)(2) (possession of marijuana) and § 4.12 (failure to comply with the directions of a traffic control device); the

government agreed to and did dismiss Count 1 (driving under the influence) and Count 6 (failure to comply with public use limits).

As to Count 2, evidence, both documentary and testimonial, was received at trial and the matter was argued. At the conclusion of the evidence and argument, the Court announced that for reasons recited on the record it found that there had been probable cause and legal authority to justify law enforcement's request that Defendant submit to a blood test. The Court also found that Defendant had definitively communicated his refusal to submit to that blood test. However, the parties were invited to submit post-trial briefs on the effect of the failure by law enforcement to advise Defendant correctly of the repercussions under federal law of a refusal to be tested.

In his post trial briefing on that issue, Defendant also invoked his right, pursuant to Fed. R. Crim. P. 12(b)(3)(B), to move to dismiss Count 2 of the Criminal Complaint on the grounds that the regulation creating the offense charged therein is superceded by 18 U.S.C. § 3118.

Both issues have been fully briefed by the parties and are addressed below.

## II. **MOTION TO DISMISS**

Fed. R. Crim. P. 12(b)(3)(B) allows the Court to hear at any time while a case is pending a claim that the indictment or information fails to invoke the Court's jurisdiction or to state an offense. Defendant asserts that Count 2 of the criminal complaint can not state an offense because the regulation allegedly violated was superseded by 18 U.S.C. § 3118.

As noted, Count 2 of the criminal complaint alleges that Defendant violated 36 C.F.R. § 4.23(c)(2) by refusing to submit to a test of his blood[1] for the purpose of determining blood alcohol and drug content. Defendant argues that this National Park Service regulation, conviction of which carries with it up to six months imprisonment and/or a $5000.00 fine, is superseded by 18 U.S.C. § 3118 which provides administrative and

---

[1] The regulation includes alternative forms of testing, but the parties concede that under the circumstances of this case, law enforcement had the right to, and did, offer Defendant only the blood test option.

evidentiary penalties for refusing such a test.

Specifically, 18 U.S.C. § 3118(a) provides that whoever operates a motor vehicle in the special territorial jurisdiction of the United States consents to a chemical test of his blood, breath, or urine, if arrested for any offense arising from his driving while under the influence of a drug or alcohol. Section (b) thereof sets forth the "Effect of Refusal":

> Whoever . . . refuses to submit to such a test or tests, after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States during the period of a year commencing on the date of arrest upon which such test or tests was refused, and such refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction.

Defendant argues that in enacting Section 3118(b) Congress created a civil penalty (suspension of driving privileges on federal property) and an evidentiary penalty (admissibility of the refusal in a prosecution for driving under the influence). United States v. Love, 141 F.R.D. 315, 319 (D. Col. 1992) (explaining that 18 U.S.C. § 3118 provides a civil, not a criminal, penalty.)

Defendant claims that the Secretary of the Interior exceeded his authority in enacting 36 C.F.R. § 4.23(c)(2), a regulation that makes a crime of the same activity covered by Section 3118. Defendant notes, correctly, that the Secretary's power to enact regulations to administer a federal statute and carry into effect Congress' will as expressed in the statute is not the power to make laws; "a regulation which operates to create a rule out of harmony with the statute, is a nullity." Pacific Gas & Electric Co. v. United States, 664 F.2d 1133, 1136 (9th Cir. 1981) (citations omitted).

Defendant's position is reasoned and has been carefully considered. Indeed, if, in enacting the statute, Congress had wanted to make refusal a criminal rather than a civil offense, it easily could have done so. It chose not to. But it did not in the statute or elsewhere restrict the Secretary of the Interior from adding, by regulation, criminal penalties to accompany the civil penalties in the statute. To the contrary, 16 U.S.C. § 3 authorizes the Secretary of the Interior to make such regulations "as he may deem necessary or

proper for the use and management of the parks . . . under the jurisdiction of the National Park Services." Section 4.23(c)(2) is one such regulation. It does not conflict with Section 3118; it is not out of harmony with it. It merely supplements it.

Nothing in Section 3118 suggests it was intended as the exclusive enactment relating to the effect of refusal. As noted by the Government, statutory interpretation begins with a literal reading of the statute; courts need look no further unless the language is ambiguous or contravenes clear legislative intent. United States v. Jerge, 738 F.Supp. 181, 183 (E.D. Va. 1990) (citations omitted). There is, in any event, no legislative history for 18 U.S.C. § 3118, Jerge, 738 F. Supp. at 184 n.2, and, as noted, this Court can find nothing in the statute that might be read as putting the regulation in conflict with it. The fact that the statue post-dates the regulation suggests Congress was aware of the latter when it enacted the former and chose not to restrict the regulation's effect.

Moreover, as Defendant candidly acknowledges, the only case addressing the overlap between the statute and the regulation found no conflict between the two. In United States v. Bourgeois, 2007 WL 2219335 (S.D. Miss. July 30, 2007), defendant Bourgeois was convicted of violating 36 C.F.R. § 4.23 by refusing a blood test after being arrested on suspicion of being under the influence of alcohol while driving on a federal enclave. She appealed claiming she should instead have been sentenced under 18 U.S.C. § 3118(b). Noting, albeit in a footnote, that a federal statute would not necessarily invalidate a federal regulation governing the same conduct since prosecutors have the discretion to choose among statutes which impose different penalties, the District Court, reviewing for plain error, upheld the Magistrate Judge's conviction for violation of 36 C.F.R. § 4.23. Bourgeous, 2007 WL 2219335 at *3 n.6.

Defendant questions the Bourgeois court's logic and also whether its holding is applicable here.

First, Defendant suggests that the Bourgeois decision was based on the incorrect conclusion that Section 3118 applies only where the federal government prosecutes a driving under the influence charge under state law pursuant to the Assimilated Crimes Act.

-4-

Defendant claims Section 3118 is not so limited, but instead was designed to preempt the field whether a defendant was being prosecuted under federal or state law.

Regardless of whether Section 3118 was meant to apply to all or only assimilated crimes, this Court finds nothing in the statute or elsewhere to suggest it was to be the only enactment under which one could be prosecuted for driving under the influence.

Defendant also notes that Bourgeois was reviewing for plain error rather than here where the Court is conducting a de novo review. Normally questions of law are reviewed de novo. United States v. Forrester, 512 F.3d 500, 506 (9th Cir. 2008). However, as the Bourgeous court noted, issues raised on appeal that are not raised before the trial court may only be reviewed for plain error. 2007 WL 2219335 at *3 (citing United States v. Duncan, 191 F.3d 569, 575 (5th Cir. 1999); see also Fed. R. Civ. P. 52(b). Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993). Plain error review is more limited than de novo, but both standards require the reviewing court to make a determination anew; that is, an unbridled determination as to whether there was an error. In Bourgeous, the court found that Section 3118 did not supercede 36 C.F.R. § 4.23; that the trial court did not err. That finding is persuasive despite the more limited nature of review.

Defendant's motion to dismiss is DENIED.

### III. MISSTATEMENT OF LAW REGARDING FAILURE TO CONSENT

There was, and remains in the Court's mind, some question as to the precise information given to Defendant regarding potential consequences of a refusal to submit to a blood test. The audio recording is not clear. It is regrettable that there is no printed record to confirm precisely what words were used. However, two Law Enforcement Rangers testified under oath that they did advise Defendant, among other things, that his refusal to submit to a blood test could lead to fine and imprisonment if the arrest resulted in a conviction for driving under the influence. That was incorrect. Nothing in 36 C.F.R.

§ 423(c)(3) limits its application to a defendant convicted of driving under the influence. Indeed, the driving under the influence charge here was dismissed.

The Court requested briefing on the effect of such mis-advice.

Defendant invites the Court to find that the mis-advice effectively entrapped Defendant - perhaps confident he would not be convicted of driving under the influence - into refusing the blood test. Arguably, if he had been told, correctly, that his refusal would lead to prosecution, he would have consented.

Having considered the essential elements of an entrapment defense, see United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010), the Court concludes that the inquiry here need go no further than the determination as to whether Defendant acted in reliance on the incorrect information provided to him; that is essential to the defense. As the Court noted on the record at the conclusion of trial, the audio-video recording of the exchange between Defendant and law enforcement regarding blood testing leaves it perfectly clear that notwithstanding caginess, or disingenuity, in the way he expressed himself, Defendant made it quite clear that he was declining to be tested. Indeed, his manner of declination made it quite clear that regardless of what was said to him, he was not going to submit to a blood test. Accordingly, it cannot be said that he relied on the mis-information described above to his detriment.

The Court concludes that the government's mis-advise regarding the effect of Defendant's refusal to consent to blood testing does not prevent prosecution or a finding of guilt under 36 C.F.R. § 4.23(c)(2).

**IV.   DECISION**

For the reasons set forth on the record at trial and herein above, the Court finds as follows:

1. Defendant is GUILTY of violating 36 C.F.R. § 4.23(c)(2);

2. Defendant previously pled guilty and was found GUILTY of violating 36 C.F.R. § 4.14 (having an open container of alcohol in his vehicle), § 2.35(b)(2) (possession of marijuana), and § 4.12 (failure to comply with the directions of a traffic control device);

3. Count 1 (driving under the influence in violation of 36 C.F.R. § 4.23(A)(1)) and Count 6 (failure to comply with public use limits in violation of 36 C.F.R. § 1.5(a)(2)) of the Criminal Complaint against Defendant have been DISMISSED at the request of the government; and

4. Defendant shall appear before the undersigned in the this Eastern District of California, Yosemite Division, 9004 Castle Cliffs Court, Yosemite, California, for sentencing at 10:00 am on December 7, 2011.

It is so ordered.

November 3, 2011                    /S/ Michael J. Seng
                                    U.S. Magistrate Judge